is submitted on the briefs at this time, and Katherine Kim v. Coach, two cases on today's calendar involving Ms. Kim, are submitted on the briefs at this time. So our first case up for oral argument is L.A.S. v. State of Hawaii, so Mr. Peck. Keith Peck for Plaintiff Appellants. An eligible person is sent a letter by a responsible government agency misinforming them of their rights. That person relies to their detriment on the letter. That's the case that we have here. The outgrowth of that reliance is also part of what we claim our complaint encompasses. The parent- Doesn't the dispute also turn on the way in which you wrote the letter requesting an administrative hearing, which was less than clear? You mean the way I wrote the complaint, yes, indeed. That is the allegation of the district court anyway, that the case turns on that way I wrote it. But if I can tell you, Your Honor, the way the complaint is required to be written, the elements of a complaint for a due process hearing is that the parent must describe the nature of the problem. The nature of the problem, we said, was being misinformed as to her rights. The outgrowths of that misinformation, even though I believe that the misinformation, when relied upon reasonably by parents, was a denial of FAPE, the outgrowths of that reliance. The second ALJ who didn't hear the testimony actually cited that the triggering event for the DOE in order to develop an IEP for a parent is a parent responding to that FAPE letter. So that, we spoke to the triggering event. In that letter, what was it that you were really complaining about? I was complaining about the parent being told that she relied on that letter. I did not find out from March to August. I found out in August that she relied on that letter. So I was complaining that that letter made her fail to respond, which caused the denial of FAPE. Subsequent denial of FAPE. Why did it cause her to fail to respond? Both the March and the April letters said, if we do not hear from you, then we will assume that you're not going to pursue whatever rights you have. Now, let's assume, and I agree, that the March letter, because it checks the first box only, says, she might have interpreted it as saying, we're offering you the FAPE, but you have to come to our school. Now, it says, if we don't hear from you, we're going to assume you don't want to pursue that. And she doesn't pick up the phone and call the principal and say anything. Right. She's not a trained attorney. Okay. Okay. Well, she's the parent, and she's dealt with the school before. So then they, in April, send her the BSVP letter, saying, if you're deciding to put your child in private school, you can get these benefits. And if we don't hear from you, then we'll assume you don't want those either. How's that relevant? Counsel, I get to ask the question. Okay. Okay? I know you're passionate about your client, and I'm trying to find out what the facts are. Okay? Okay. So I'm wondering why she didn't pick up the phone and say, yes, I'm putting my child in the private school again, but she didn't respond to that either. So when does the parent have an obligation or some part in this process of talking to the school and clarifying what the problem is? Okay. Does that lay the foundation sufficient for you, Counsel? Yes. Thank you. So first, you're saying that the parent didn't do anything. She could have called the school when she was told that her child wasn't eligible for a FAPE unless she agreed ahead of time to go to the public school. She could have called, but she mentioned why she didn't do that. At Excerpt of the Record 99, she said that she wasn't going to pull her kid out at the middle of the school year and place her into a public school in order to get an offer of FAPE. So if you believe her testimony and there was no credibility determination because the hearing officer didn't hear the testimony, then you would say that, was that reasonable in that circumstance, not to pull your kid out of private school in the middle of the school year? By the time school year ended, of course, her eligibility ended for a FAPE. But she was sent a letter. You can have private services, maybe speech, whatever we have available. Why don't you call? It's irrelevant to this question because the denial was caused by the March letter, the April letter saying you could have private services at your private school. She didn't want it. She didn't ask for it. She didn't pursue it. Why is that relevant to this question? I saw what she said, though. She said she was distracted and busy with other things. With regard to the April letter, but she did testify what her impression was and what that impression caused her not to do with regard to the March letter. The April letter offering private services is separate and apart. It's a confusing element that was brought in as a defense, but it didn't affect the denial of FAPE in any way. That's like if you want private services for your kid, speech services at the private school. What does that have to do with the FAPE? Well, I wonder about this interactive process. That's what I'm troubled by. Okay, Your Honor, I understand what you mean by the interactive process. The DOE has the responsibility, even if the parent didn't respond at all, they have the legal responsibility to start an IEP, to try to schedule an IEP with the parent. Even if they didn't receive the FAPE letter, they have that individual, independent responsibility. Doug, see a case that we did recently here. The DOE can't just say, oh, well, we didn't do our part because the parent didn't do something. This court ruled in Doug, see on that. So when should they have the DOE initiated on their own the new FAPE? Well, the IEP. When should they have just said, we're going to start a new IEP process. Here's the date. Well, they probably start that a month ahead. Well, when should they have started in this case? A month before the expiration of the annual IEP. Okay, what date would that have been? April of 2011. And your point is they did nothing? They did nothing. Other than send these letters. They sent the FAPE letter telling the parent what their rights were, and they were required to hold the IEP, initiate the process, try to schedule. If the parent refused to be part of the IEP process, they were still required to hold that IEP in May. Even if the parent didn't respond to the letters that they sent? Even if the DOE tried to schedule the IEP on three occasions and the parent said, no, I don't want to do it, I'm not doing it, the DOE has the legal responsibility to write that IEP by themselves, by the annual review date, and certainly another date that that IEP had to be in place, the beginning of the school year, 2012-2013. That's an independent responsibility. So the district court, when the district court, the first time around, read your complaint, your administrative complaint, requesting a due process hearing, the court focused on paragraph 5, which said, student and or parent of the student have been denied their federal rights when the DOE offered to provide student a free, appropriate public education on the condition. That's right. That's what the court... And then the administrative officer, the hearing officer, then went on and decided that you didn't get a, she didn't get a FAPE, she didn't get an IEP, and therefore didn't have a, didn't get a... The original administrative decision was that she didn't receive a FAPE because the IEP was never created, it was never created by the annual due date, it was never created by the beginning of the school year. But the statute of limitations in the state of Hawaii said that if you place your child... No, my point, no, but the district court, the first time around, said the administrative hearing officer should not have made that decision about the FAPE. It should have answered the question that you raised in the complaint. Right, because she wanted to read that complaint narrowly, that this is the complaint that you have, the condition preceding discouraged the parent. But when... Why was it air for her to do that? Well, first of all, it was not appealed. We didn't appeal that. Nobody appealed it on the merits. I appealed the statute of limitations that prevented an award for my client. Sixty-nine, six months later, after the appeal... Is there any statute, regulation, federal or state, that precludes, or rule of federal procedure in this kind of case, that precludes the district court from doing what she did? Sure. At 34 CFR 300.519, the parties have 30 days, borrowing the state statute of limitations, to bring an appeal on an issue. The parties couldn't have revived that issue six months later when the district court did. How could the district court have revived it? We didn't brief it. It wasn't a counter... Isn't the district court's review de novo, sort of? Sure. It's a de novo review of the legal question, and looking at the hearings officer. But we didn't put that question in front of her. She didn't have subject matter jurisdiction in the first place. It wasn't before her. If we disagree with you on that? If you disagree with me on that, I have three other ways to win this case. And, like I'm saying, the... If a government agency tells you, you have a right, but only if you want to go to a Christian school, and you say, geez, my kids are raised Jewish, and you don't go and avail yourself of that right, whose fault is that? Well, that's a different case. Let's come back to the duty. I sympathize with your argument. So, you said they have a duty to unilaterally proceed even if the parent won't participate. Where's the authority for that? I don't know it offhand. It's in my brief. The hearing officer originally, ALJLJ, ruled on it based on that. You don't remember the case authority? I don't remember the case authority. I prepared for argument, not for reciting my brief. Oh, really? Yes, that's how I prepared. Well, that's an interesting approach. Thank you. You pled in the attorney... I didn't mean that as quite a compliment. I know that. Because the oral argument is supposed to be predicated on your brief and allow us to ask questions to clarify. I understand that. But you think you have authority in your brief? I do. And if we don't find it... Then I'm alone. Yeah. No, you're just out of luck. Okay, thank you. Just to follow up on Judge Fischer's point, counsel, you pled in the alternative in the complaint that if the DOE went forward to hold the IEP meeting without the parents, and that would be a violation of their rights as well. So I'm a little confused as to how you view this particular factual record. Because the March letter was sent out, and your theory is that the parent believed, based on that letter, that the offering of FAPE was conditioned on attendance at public school, and so there was no need for her to respond. But yet, if the school district went ahead and hold the meeting without her, then that would also be in violation of her rights. How do you square those two theories? Very easily. What I was doing when I wrote in the alternative is I didn't know if the DOE had held a meeting without informing the parent that they were holding it. If you hold a meeting without telling the parent and giving them the opportunity to be part of it, that's a denial of FAPE. If you hold the meeting without the parent after you gave them the opportunity, this is Duxie all over again, or Shapiro, then you can hold the meeting. So I was unaware as to whether the IEP had been developed secretly without telling the parent. So that's why, that's what that pleading means. So you can hold a meeting, and you should hold a meeting, if the parent refuses to respond to your efforts to involve them. But you can't hold a meeting if you didn't try to get the parent to attend the meeting. When the district court ruled on a basis that you say was never presented to the court, and that is whether the IDA was violated by not having an IEP in place prior to the start of the relevant school year, did you make any attempt to raise that issue to the district court to say, hey, wait a minute, this issue was not presented to the court, and so therefore I didn't have an opportunity to argue it, can I come in and brief it, anything like that? Strenuously, I did raise that argument. Was that in a motion for reconsideration? There was no motion for reconsideration to the district court. The district court decided to open that question up and remand the case down. I strenuously pointed out she didn't have subject matter jurisdiction. I strenuously pointed out that we didn't get to brief it. In the remand, I mentioned it again. In my brief, absolutely. So what... Just explain to me your best argument as to how the district court... Forgetting that issue you just discussed with Judge Wynn for a minute, when you said earlier that your administrative complaint should have been interpreted broadly, or liberally, I guess, where does that come from? What's the argument for that? The requirements of the drafting of a complaint in this area of the law, which only requires a description of the nature of the problem, okay? So when you describe the problem, you go to a resolution session, you're supposed to talk about it. What was the problem? What happened as a result of that? This was the problem. This was the triggering event. And as a result of this, the parent was dissuaded from calling the DOE because she was told she didn't have certain rights that she had. Second problem, that's one denial of faith. Second problem is the IEP expired and there was no annual IEP. Third problem is there was no IEP at the beginning of the school year. Three denials of faith emanating from that letter. But the DOE had that independent obligation to start the process of scheduling an IEP even if a parent didn't respond to that letter. If you prevail here, what's to happen on remand? I would hope that we have a sufficient record that it wouldn't necessarily be required to go to remand. We need the reimbursement for that period of time that the child remained in the private school. That's all we're looking for. And if the... What would the district court have to do to make that determination whether or not reimbursement is proper? The district court would remand it down to the administrative law judge to determine whether the private school provided this child with an education that was specially designed to meet her unique needs. It doesn't have to meet all her needs. Is that the only question? That's the only question, Your Honor. And if the hearing officer says it was, you get reimbursement? That's right. Okay. You're over your time. I know. Could you... I assume Judge Pius will give you a minute for rebuttal. It would be very helpful if you could look at your brief so I don't have to search it and you could say me the authority. That would be helpful. Thank you, Your Honor. Thank you. Good morning, Judge Pius, Judge Fischer, and Judge Nguyen. Deputy Attorney General Kunio Kuwabe on behalf of the Pali Department of Education. If I may, let me address what I believe is the core issue in this matter. And that is initially the matter of the federal district court's remand order and whether it was proper for her to review and decide the issue about the due process administrative complaint and whether it asserted the lack of an IEP, which was the crux of the decision by the first administrative hearings officer. I believe the record does support Judge Mulway's decision that the first administrative officer did not rule on the issue presented in the administrative complaint, which was the matter of that offer of fape letter being conditioned on attendance in a public school. And contrary to arguments by appellants' counsel, fundamentally, if we start with the statutory framework for the IDA, you know, 1415F3B discusses expressly the subject matter of administrative hearing. This circuit, in several published decisions, has reaffirmed what that provision means, which is, and that's initially the case back in 1996, the County of San Diego case, and then more recently, after the 2006 IDA amendments, this court again adopted that same reasoning in the Lake Washington decision. Well, when I look at paragraph 5 in the administrative complaint, I understand why the district court viewed the issue presented in the complaint the way that she did. But isn't it problematic that that was not an issue that anybody chose to appeal? Was that properly presented to the district court for ruling? Yes, Your Honor, because fundamentally, as this court is aware, federal district courts are courts of limited jurisdiction. And we're not talking about personal jurisdiction. I'm talking to two former district judges, so they know that. Was it pursuant to the district court's sua sponte responsibility? What's your theory, and what's the case law support for that? Well, basically, a federal district court never weighs subject matter jurisdiction, and it's not the action of the parties or the litigants before the federal district court that creates that subject matter jurisdiction. It is the court's responsibility, and that's what Judge Mulway did, to ensure that it has proper subject matter jurisdiction. It had 1331. It had jurisdiction over this case. The question is, the issue that she's remanded back on had really not been raised by anybody. She raised it on her own. Yes. Where did she get the authority to do that? Because I believe, fundamentally, because she has inherent power, because she has a proceeding before her that requires her to review an administrative complaint, an administrative decision. And fundamentally, that administrative decision is flawed because it was based on a claim that was never asserted by the family that is incumbent upon that federal district court. Is it the district court judge's job or duty to search the record and look for issues that the court thinks ought to be addressed? The party's never raised, never presented in their papers or in their briefs, and all of a sudden, the judge says, hey, I think this is the issue we need to decide. Where does that come from? Usually, we let the parties raise the issues and frame the case, and then the court decides. And I have been in other proceedings where, in federal court, and I was more recently in a proceeding before this, not this panel, but Ninth Circuit, another matter where, you know, we're admonished to be aware that we're reviewing things on the record. And on the record, Your Honor, I believe, fundamentally, the federal district court starts with a review of the complaint that started this whole process, which is the administrative complaint. And you're reciting the law of this circuit that says it's the complaint that defines what the hearing officer is supposed to address. Yes. Okay, and Judge Mulway looked at those two principles and said the ALJ didn't address what was presented to him or her, and that's why she raised it. Yes. Okay. Your Honor. Before... Can I get you to address... Because it's sort of tied up in this whole discussion. As I understand the parents' counsel's argument, he is saying, look, we stated generally that they conditioned this FAPE offer on being at the public school. And that inherently involves the IEP, because he says the school has a duty under the IDEA to prepare an IEP regardless. And they had recognized that this student were qualified for that kind of relief. And he's saying inherent in the statement about conditioning it on the public school is the notion that regardless of whether the parent responded or not to the March or April letter, they had a duty to go ahead with the process, and that necessarily would have initiated the interactive dialogue that's contemplated. What's your... Do you know of any authority to support that argument or that interpretation? That the department has the obligation to unilaterally proceed with an IEP meeting that the parent has not bothered responding to. No, Your Honor, I am not aware of any authority that would allow the department to proceed in that matter without being subject to FAPE claims. Let me respond... What happens if you give notice to the parent and say we're going to hold a FAPE and the parent refuses and never responds, you never hear from the parent, but the kid is in school? Your Honor... Aren't you still required to do a FAPE in that circumstance? Your Honor, if I may, yes, those are good questions. And those are the type of questions I would expect would come up during the proceeding at an administrative hearing if the claim was besides this specific claim which was the offer of FAPE being conditioned on attendance in a public school, if the claim was also that the DOE, the department, did not schedule an IEP after the expiration of the annual IEP or at the beginning of the next school year, 2011-2012, then that would be different questions, there would be a different defense by the DAG that was responsible for the administrative hearing. All we have is what she had to proceed with in the case, which was a complaint premised on one claim, which is before the Court today. That one claim is, was that offer of FAPE conditioned on attendance in a public school? You have the administrative officer that heard this and contrary to the arguments by appellant's counsel, there were no credibility issues regarding the testimony of witnesses. Appellant's counsel never raised questions of credibility before Judge Mulway, before she issued her decision. But the point is, those type of claims were not expressed at the administrative level. The department had no opportunity then to respond to those types of claims with defenses. I don't know what that deputy would have done. All we know is what she did do with the claim asserted before her. The March letter, is that, that's not a, it didn't contain a notice that we're going to schedule  Yes, Your Honor. It was like, it was a notice that time is now here that we need to do an IEP. Is that the way that letter? Yes, Your Honor. And please contact us to schedule the IEP? Yes, and the record reflects that. There's the testimony of the various deal witnesses which has been incorporated. And so, if the parent never contacts you, there's never an IEP? Well, in that case, I don't know what happened after the submission of those letters other than what's reflected in the letter. There's, and because, I'm asking hypothetically, I mean, you know, let's, these letters, let's say the parent never contacts DOE, there's never, there's not going to be a new FAPE? No. An attempt to schedule a new FAPE? We're talking about hypotheticals and if I may just speak hypothetically, it depends on the circumstances. The school could have contacted the parent with further letters. I don't know what they did because that was not the issue presented before the admin proceeding. Well, when it got to the administrative law judge, the administrative law judge, basically, as I read what he did, he said, this is all subsumed within this paragraph five. You're talking about the first administrative decision? Yes. Yes. And that's where I believe there's the error, Your Honor. Why was that error for him to construe paragraph five in the way that he did? Because unlike civil complaints which are filed in the Federal District Court which are broadly interpreted, you have the statutory prescription under 1415 F3B which limits the administrative hearing to the very issues raised by the family. Why wouldn't those same principles of reading this complaint generously to further the purposes of the IDEA also apply in this context? Because notice is important. This is the very problem we're talking about today, Your Honor. That lack of notice is what led to the Department not presenting defense on these matters, Your Honor. The only issue raised was this matter of the condition attending public school. And that was a defense raised. Those are the witnesses that testified. Now, if there were matters such as what you're claiming now as a hypothetical, if those are raised... I'm not claiming anything. We're having a dialogue. I apologize. The point is if those matters are raised beyond subsequent argument by counsel before the Federal District Court and raised at the administrative level that gave the Department sufficient notice that these issues  raised. The record before this court today is a singular issue on whether that offer of fate was conditioned on attendance at a public school. And I believe the record supports the Administrative Decisions Officer, the second one, finding that there was no condition and that was affirmed by the established federal law for I.D.A. cases is saying that within this singular complaint there are a myriad of potential fake claims that you, the Department, are responsible for without notification. How would you have handled the administrative hearing differently? The Administrative Hearing Officer said that the law requires that there was no I.D.A. in place. So either there was or wasn't. Was there some way that you could have changed that equation? Yes, Your Honor. Just based on the facts in this record, as the Court is aware, there are federal cases that talk about the staleness of I.D.A.'s. For instance, there are several cases that are case-based and federal courts have pondered that issue and decided based on the facts. We don't have that type of facts because the Department was not allowed the opportunity to respond to that type of claim. All we have is what was asserted and what we do have is the I.D.A. that expired in May 2011. The administrative complaint was filed in August of 2011. We're talking about a period of roughly three months. That by itself, does that  denial of fame? I don't believe so, but there are other myriad of facts that would need to be developed in order for an identification of the specific claims being asserted. We were denied that type of opportunity. I don't believe there's a basis for reversing the Federal District Court based on this type of record. Can I just go back to the March 3 letter for just one moment? Yes, sir. It's kind of a form letter. Check the FAPE services, but it doesn't say it's time for a new IEP. And then down at the very bottom, it says if we do not hear from you by March 31, 2011, and there are several dots with lines, and one line reads a re-evaluation will not be conducted. What's the difference between a re-evaluation and a IEP? Or is there any difference? I'm not in this world of I don't quite understand some of the terminology. Judge Páez, I understand you were the author of the Duxie case, so you have some familiarity with Well, as best as I can, let me explain. Very little. The re-evaluation is the evaluation of eligibility before the three-year period. But every three years, the department is required to evaluate students for eligibility for special education. So is this really a notice about re-evaluation instead of about an IEP? Because there's no mention. When I read this, I kept looking, where's the IEP? Well, I believe the record supports that there were some mistakes in that letter and that was testified to by the district educational specialist that the re-eval reference there has nothing to do with that date. And then the next line says your child will no longer be eligible for special education services and you will no longer receive this notice. Right. And your Honor, that is the very point where Judge Molloy said if this letter is ambiguous is it important for this court to then remand this matter back to the admin proceeding to determine what was the purpose of the letter. And that was the second administrative proceeding your Honor to determine the purpose of the letter. Certainly the letter had some issues  why it was being remanded. And the re-eval is a separate proceeding from the IEP. The IEP is the annual requirement to have an IEP. But the IEP that was in place at the time the March 2011 went out was the March 2010 IEP. And that has an annual due date for the next year. So March 6 of 2011. The parents should have been unnoticed. Well the parent was unnoticed because she has a copy of the IEP. That's not an  She has a copy of that IEP which was expiring in May of 2011. So she knows that the IEP is expiring in May of 2011. She's getting a letter from the department saying oh by the way here's the offer of aid. Then the real question then is the question that was remanded back was that condition on this student attending public school and the answer has come back with resounding no. Hypothetically I'm only asking this hypothetically if we were to reverse the district court on this ruling what would happen on remand? Well your honor if you were to reverse would it go back to that to the yes because the there has been no administrative determination on the matter of reimbursement and so it would have to go back to the administrative hearing officer and contrary to the arguments by appellant's counsel in his opening brief there's no basis for this appellate court to make that type of determination it would have to go back to the federal district court I believe the federal district court would then have to remand it down to the administrative proceeding because the admin process has to still proceed on that issue and the issue there before the administrative law judge is if it's if you reverse and the question is matter of remedies okay then the question of remedies is not as simple as Mr. Peck would lead you to believe I believe there's sufficient federal and Ninth Circuit case law on the matter of reimbursement that refers to there are myriad factors in the area of reimbursement one of which is parent actions there's an equitable consideration for that and that can mitigate against the award of reimbursement so it's not as simple as Mr. Peck would lead you to believe does this form letter has that been revised yes I believe so your honor and did it address the ambiguities of the phrasing which could lead one to believe that the district was offering a if they elected for a yes having said that no that's not part of the record I know it isn't but the I'm trying to answer your question ambiguous letter is yes and I believe that has been changed but the point is when this was remanded back to the administrative proceeding to determine the condition issue the administrative officer that did make this decision cited I should say reincorporated the findings of fact from the prior administrative decision and added additional findings of fact none of those findings of fact are predicated on credibility issues and in fact to this day Mr. Peck has not challenged the findings of fact that support the administrative decision that there was no condition I'm talking about findings of fact fifteen through seventeen where the first administrative officer stated as a finding of fact not just reciting all the testimonies provided but stating as findings of fact by her that she gave credence and she said that this was the purpose of these letters okay and she didn't say she found the testimony not credible she found it as a finding of fact that there were reasons for these letters and she cited it in those findings of fact I don't want to delay that point your honor you have the record before you but those findings of fact have never been challenged to this day thank you very much thank you counsel thank you your honor I'd like to clear up one thing when they say in the FAPE letter that you're entitled to a FAPE the way a FAPE is conveyed is through an IEP so it's that's what it means whether the parent understood that or not we didn't actually have that question to them she testified as to what her understanding of the letter was that in order to get an IEP she would have to bring her kid back to school now I'm what I'm saying here is it's the intent it's the effect on the parent that the letter has that's the issue here not the intent the undisclosed intent of the DOE in sending it or what they would have done had she contacted them it's the effect it has on the parent that needs to be assessed was it reasonable for her to believe that and her and them telling her that and affecting that her belief in that way was that a denial of faith if we forget about the issues of you know under the statute the actual statute that tells you what you have to do to write a complaint it says you have to describe the problem it doesn't say you have to put in causes of action or anything else this was the initiating issue that's what we did I just want to say that the findings the facts 17 the hearings officer found in the second hearings officer affirmed that because the parent didn't respond to the faith letter the DOE who would normally start to gather information for the IEP and schedule the IEP they didn't do it this is what the hearings officer said caused them not to do their job because they were not triggered by the parent responding to the letter so it does all come back to the letter your honor credibility I said that the response yes thank you your honor with regard to a citation as to the need for an annual IEP it was actually not me I misremembered it was the hearings officer the original hearings officer who cited the law 20 USC 1414 sub D 2A and with regard to the citation as to the remedy portion if it was remanded that's in my opening brief to this court it's the standard is that the child program was tailored to meet her unique needs now certainly they can raise defenses like well the parent didn't cooperate the parent should have called her lawyer and figured out what this letter you know if this letter was legitimate or not they could make that claim while they want thank you thank you counsel appreciate your arguments just in case matters submitted at this
judges: Fisher, Paez, Nguyen